The opinion of the Court was read as drawn up by .
Parker C. J.
It has been settled, in a series of decisions within the last twenty years, that on a division of a town into two or more parishes by reason of the incorporation of a parish within the limits of the town, all the parochial burdens, as well as the parochial property, devolve upon that corporation, which by force of our statutes is thus constituted the first parish. This necessarily results from the early organization and double character of our towns, which original’" partook of the parochial, as well as of the municipal character Towns, by the earliest colonial laws, were obliged to build meetinghouses and support ministers. The .inhabitants were then almost all of one doctrine and one form of worship, and indeed different sects or denominations, at that time, were not recognised as having any legal character or existence; and the towns generally were not so populous as to require more than one house of public worship for their accommodation. But in process of time the inhabitants became more numerous, and from that and other causes, parishes were created within towns, and the body, from which the parts were taken to constitute these new corporations, became of right, as well as by particular provisions of the legislature, the first parish; and they retained every thing of a parochial na turc which had been enjoyed by the town, unless some special provision was made for a division of the property. Thé justice of this principle cannot be denied, for the' remnant were discharged of no part of their duties or burdens, and the seceders always voluntarily withdrew, carrying with them a great part of the taxable property from which those duties and burdens were before discharged. Of all property which may be said to be parochial, that of a meetinghouse is most decidedly so. It is always built for parish uses, and except by consent of the parish, whether in the form of a town or otherwise, can be appropriated to no other use.[1]
*237 We cannot entertain a doubt, therefore, that on the ixicorporation of the new parish in Medford, that corporation which ipso facto became the first parish, represented the whole of the old parish or town, and became the proprietors of all the parish property, which had always been used as such, and especially of the meetinghouse upon which the alleged trespass was committed.
The ground therefore which admito of argument, as not having been before settled, is the right supposed to be acquired by uninterrupted use of the meetinghouse for municipal purposes, from the time when it was erected until just before the entry which is complained of in this action. If this could be considered an adverse enjoyment, it would amount to an easement,[2] which would justify the act of the defendant as one of the inhabitants of the town. But we cannot consider it in this light, for the town never usurped any rights over the parish. It was itself the parish, and must be considered as having, in its parochial character, consented to and indulged this political or municipal body in the use of the parochial property. An adverse right of an easement cannot grow out of a mere permissive enjoyment, as was de cided in the case of The Inhabitants of the First Parish in Gloucester v. Beach,* * the authorities for which position are Cooper v. Barber, 3 Taunt. 99, and Daniel v. North, 11 East, 374.[1]
Notice having been given by the parish before the entry of the defendant, that the use of the house for municipal meetings must be discontinued, his entry was a trespass, and judgment must be entered for the plaintiffs.

 See Winthrop v. Wintkrop, 1 Greenl. 208; Ashby v. Wellington, 8 Pick. 524; Woodbury v. Hamilton, 6 Pick. 101. Where land is granted to a town for the use of the ministry, the grant is to he taken to refer to the town in its parochial, and not in its municipal character. Richardson v. Brown, 6 Greenl. 355.

 See Sargent v. Ballard, 9 Pick. 251; Matthews on Presump. (Rand’s ed.) 818 et seq.; Hill v. Crosby, 2 Pick. (2d ed.) 467, n. 1, and cases there cited. As to prescription, see Kent v. Waite, 10 Pick. 138; Melvin v. Whiting, 10 Pick. 295; Coolidge v. Learned, 8 Pick. 504.

 Reported in 2 Pick. 60, note.

 See 2 Stark. Ev. (5th Amer. ed.) 539; Matthews on Presump. (Rand’s ed.) 324; per Le Blanc J., 3 East, 302.
Unity of possession has the effect of suspending an easement. Canham v. Fisk, 1 Price, P. C. 148; Sargent v. Ballard, 9 Pick. 255.